## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAVEL ROMERO ROSAS,       :
    Petitioner             :
                          :       No. 1:20-cv-00716
    v.                     :
                          :       (Judge Kane)
WARDEN CLAIR DOLL,         :
    Respondent           :

## MEMORANDUM

On April 20, 2020, pro se Petitioner Pavel Romero Rosas ("Petitioner"), who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Following an Order to show cause (Doc. No. 3), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. No. 5). Petitioner filed his traverse on June 1, 2020. (Doc. No. 6.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I.     BACKGROUND

Petitioner is a citizen and native of Mexico who last entered the United States at or near Douglas, Arizona on an unknown date without being admitted, inspected, or paroled by an immigration officer. (Doc. No. 5-1 at 4.) On April 14, 2010, Petitioner was apprehended by agents of the United States Border Patrol near Lordsburg, New Mexico after he illegally entered the United States. (Id.) Petitioner was subsequently prosecuted for violating 8 U.S.C. § 1325(a)(1), unlawful entry into the United States, in the United States District Court for the District of New Mexico. (Id.) On April 10, 2010, Petitioner was sentenced to time served and

provided an expedited return to Mexico.  (Id.)  On April 22, 2010, Petitioner was removed to Mexico on foot via El Paso, Texas.  (Id.)

On October 1, 2019, while conducting a targeted enforcement operation for another alien, ICE agents located Petitioner in the United States and placed him under arrest.  (Id. at 4-6.)  That same day, DHS reinstated Petitioner's prior order of removal from April 15, 2010.  (Id. at 8.)  Petitioner expressed a fear of persecution or torture should be he removed to Mexico and received a reasonable fear interview.  (Id. at 10-11.)  On October 15, 2019, an asylum officer concluded that Petitioner had a reasonable fear of persecution and referred the matter to an immigration judge for further proceedings.  (Id.)  On January 24, 2020, the immigration judge denied Petitioner's applications for withholding of removal, withholding of removal under the Convention Against Torture ("CAT"), and deferral of removal under the CAT.  (Id. at 14-28.)  Petitioner appealed to the Board of Immigration Appeals.  (Id. at 31-32.)  As of the date of this Memorandum and Order, Petitioner's appeal remains pending before the BIA.

On April 16, 2020, an immigration judge conducted a bond hearing for Petitioner pursuant to Guerrero-Sanchez v. Warden York County Prison, 905 F.3d 208 (3d Cir. 2018). (Doc. No. 5-1 at 34.)  The immigration judge determined that "DHS proved by clear and convincing evidence that the Petitioner continues to remain a serious risk of flight sufficient to deny a change in custody."  (Id.)  On April 20, 2020, Petitioner appealed the immigration judge's bond decision to the BIA.  (Id. at 35-36.)  That appeal also remains pending before the BIA.

Petitioner filed the instant § 2241 petition on April 30, 2020.  (Doc. No. 1.)  In his § 2241 petition, Petitioner asserts that his continued detention violates the Fifth Amendment's Due Process Clause as well as the Immigration and Nationality Act ("INA").  (Id. at 8-11.)  As relief,

Petitioner requests that the Court order Respondent to release him "on his own recognizance, parole, or reasonable conditions of supervision." (Id. at 12.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).  Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition.  See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.   DISCUSSION

Respondent asserts that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) because he is an alien subject to a final order of removal.  (Doc. No. 5 at 4-8.)  The Court agrees with Respondent.  Section 1231 provides, in pertinent part, as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).  In the instant case, Petitioner is subject to a 2010 order of removal that was reinstated in 2019 upon his arrest by ICE.  (Doc. No. 5-1 at 8.)  Petitioner's applications for relief in the form of withholding or deferral of removal are currently pending before the BIA. (Id. at 31-32.)  Aliens who are subject to reinstated orders of removal "may seek withholding-only remedies."  See Guerrero-Sanchez, 905 F.3d at 215.  "[W]hen a reinstated order of removal is in place, withholding-only proceedings do not disturb the underlying order of removal; rather, they only potentially impede the order's execution with respect to a specific country."  See id. at

216.  Accordingly, Petitioner's "removal order itself . . . is not at issue in the withholding-only

proceedings, meaning that those proceedings cannot diminish or otherwise affect its finality."

See Padilla-Ramirez v. Bible, 882 F.3d 826, 832 (9th Cir. 2017).  Accordingly, because

Petitioner is subject to an administratively final order of removal, his detention is governed by

§ 1231(a).

Section 1231 provides that "[e]xcept as otherwise provided in this section, when an alien

is ordered removed, the Attorney General shall remove the alien from the United States within a

period of 90 days."  See 8 U.S.C. § 1231(a)(1)(A).  During this ninety (90)-day period, "the

Attorney General shall detain the alien.  Under no circumstance during the removal period shall

the Attorney General release an alien who has been found . . . deportable under section

1227(a)(2)."  See id. § 1231(a)(2).  After the ninety (90)-day period expires, the alien's detention

may continue, or he may be released on supervision.  See id. § 1231(a)(3), (6).

The Supreme Court has concluded, however, that § 1231 "limits an alien's post-removal-

period detention to a period reasonably necessary to bring about the alien's removal from the

United States.  It does not permit indefinite detention."  See Zadvydas, 533 U.S. at 698.  Thus,

"[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized

by statute."  See id. at 699.  To establish a uniform baseline, the Supreme Court concluded that a

period of six (6) months is a "presumptively reasonable period of detention."  See id. at 701.

Moreover, the United States Court of Appeals for the Third Circuit has concluded that "an alien

detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (i.e., 180

days) of custody."  See Guerrero-Sanchez, 905 F.3d at 226.  Following such a hearing, the alien

"is entitled to be released from detention unless the government establishes that the alien poses a

risk of flight or a danger to the community."  See id. at 224 (quoting Diouf v. Napolitano, 634

F.3d 1081, 1092 (9th Cir. 2011)).  "The Government must meet its burden in such bond hearings by clear and convincing evidence."  See id. at 224 n.12.

As noted supra, Petitioner has been detained pursuant to § 1231(a) since October 1, 2019. As of the date of this Memorandum, therefore, Petitioner has been detained for eight (8) months, which is beyond the presumptively reasonable six (6)-month period set forth in Zadvydas and Guerrero-Sanchez.  Petitioner now asserts that he is entitled to habeas relief because the immigration judge erred in determining that he is a flight risk and because he anticipates a lengthy period of detention pending removal that violates his due process rights.  (Doc. No. 1 at 7-10.)  The Court considers each argument in turn.

**A.      Review of Petitioner's April 16, 2020 Custody Determination**

The parties do not dispute that on April 16, 2020, an immigration judge conducted a bond hearing pursuant to Guerrero-Sanchez and concluded that Petitioner should remain detained because he "continues to remain a serious risk of flight sufficient to deny a change in custody." (Doc. No. 5-1 at 34.)  Petitioner asserts that the immigration judge erred in making that determination.  (Id. at 7-10.)  Respondent asserts that the Court lacks jurisdiction over Petitioner's claim because Petitioner failed to exhaust his administrative remedies.  (Doc. No. 5 at 9-10.)  For the reasons discussed below, the Court agrees with Respondent.

The Third Circuit has noted that requiring exhaustion of administrative remedies for habeas petitions fosters important goals because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).  "These very important purposes are frequently

furthered by requiring aliens who receive a bond hearing before the immigration judge to exhaust

their administrative remedies and raise any issues with the BIA prior to seeking federal habeas

corpus relief." Chajchic v. Rowley, No. 1:17-cv-457, 2017 WL 4401895, at *3 (M.D. Pa. July

25, 2017), report and recommendation adopted, 2017 WL 4387062 (Oct. 3, 2017).  In the instant

case, the record before the Court reflects that on April 20, 2020, Petitioner appealed the

immigration judge's bond decision to the BIA.  (Doc. No. 5-1 at 35-36.)  That appeal remains

pending before the BIA.  Thus, Petitioner's arguments regarding the alleged deficiencies in the

immigration judge's order have not yet been exhausted at the administrative level.  Accordingly,

to the extent Petitioner requests that the Court review the immigration judge's April 16, 2020

order denying him bond, the Court lacks jurisdiction to do so at this time.  See Umarbaev v.

Lowe, No. 1:20-cv-00413, 2020 WL 1814157, at * (M.D. Pa. Apr. 9, 2020) (concluding the

same regarding a detainee's request to review the immigration judge's custody determination

when his motion for reconsideration of that determination was still pending at the time he filed

his habeas petition).

### B.      Zadvydas Due Process Claim

Petitioner also suggests that his detention violates due process because he "anticipates

lengthy detention during the pendency of a BIA appeal and the case is likely to be remanded

back to immigration court for further proceedings."  (Doc. No. 1 at 9.)  Petitioner, however,

presents no evidence to support this assertion.  Without any facts or evidence beyond conclusory

allegations to support his Zadvydas claim, the Court will not grant relief on this ground.

Petitioner, however, remains free to file a new § 2241 petition challenging his detention should

he remain detained after he has exhausted his administrative remedies and may raise his

Zadvydas claim again at that time.  See Umarbaev, 2020 WL 1814157, at *5 n.1 (concluding

same); <u>Nicole S. A. B. v. Edwards</u>, No. 19-14608 (JMV), 2019 WL 6606864, at *3 (D.N.J. Dec. 5, 2019) (denying relief to a detainee under <u>Zadvydas</u> because she "merely allege[d], in conclusory fashion, that her detention has been unreasonably prolonged"); <u>Manuel H. v. Green</u>, No. , 2019 WL 2710676, at *3 (D.N.J. June 28, 2019) (denying relief to a detainee under <u>Zadvydas</u> because he "provide[d] no evidence in support of his assertion that there is no significant likelihood of his removal in the reasonably foreseeable future"); <u>DonMartin v. Lowe</u>, No. 1:17-cv-1766, 2017 WL 5990114, at *2 (M.D. Pa. Dec. 4, 2017) (denying relief to a detainee who had been detained for eight (8) moths because his argument that "his removal [was] unlikely because it ha[d] not yet occurred" was insufficient to meet the standard under <u>Zadvydas</u>).

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  This denial, however, will be without prejudice to Petitioner's right to file a new § 2241 petition should he remain detained after he has exhausted his administrative remedies regarding his detention.  An appropriate Order follows.